## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| RAMON HUMBERTO FRANCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| DARVIN RAY MCAFEE AND | ) | |
| KAR EQUIPMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COME NOW, **DARVIN RAY MCAFEE** and **KAR EQUIPMENT, LLC**, the Defendants herein ("Defendants"), and pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, timely and properly file this, their Notice of Removal of the civil action described herein below from the Honorable Fifth Judicial District Court of Lea County, New Mexico (Cause No. D-506-CV-2022-00068), to this Honorable United States District Court for the District of New Mexico. Defendants set forth the following grounds for removal based upon this Honorable Court's diversity of citizenship jurisdiction over this civil action between citizens of different States (Texas and Oklahoma) pursuant to 28 U.S.C. § 1332(a)(1).

### I.

### Procedural Background/ History

1.      On February 7, 2022, the above-named Plaintiff, Ramon Humberto Franco (hereinafter, "Plaintiff"), filed his Original Complaint To Recover Damages for Personal Injury in the Fifth Judicial District Court of Lea County, New Mexico, which was assigned civil cause of action number D-506-CV-2022-00068, styled, *Ramon Humberto Franco, Plaintiff v. Darvin Ray*

*McAfee and KAR Equipment, LLC, Defendant* (hereinafter, the "State Court Action"). In his pleadings, Plaintiff generally alleges negligence claims seeking monetary damages for personal/bodily injuries against Defendants, arising out of an alleged motor vehicle/truck accident which occurred on Highway 128 in Lea County, New Mexico, on March 15, 2021. (See Plaintiff's Original Complaint, p. 2).

2.      A true and correct copy of the Plaintiff's Original Complaint filed in the State Court Action is included among the pleadings and all other documents filed in the underlying State Court Action that are attached hereto as "Exhibit A," and is incorporated by reference the same as if fully set forth at length herein. Defendant Darvin Ray McAfee was served with Plaintiff's Original Petition and citation on February 17, 2022.   Defendant KAR Equipment LLC was served with Plaintiff's Original Petition and citation on March 7, 2022.   Both Defendants filed their respective Original Answers in the State Court Action on March 17, 2022. Therefore, this Notice of Removal is timely and properly filed within the thirty (30) day period for the filing of a Notice of Removal, and within one year of commencement of the suit, pursuant to 28 U.S.C. § 1446(b).

## II.

## **Underlying State Court Action Filings**

3.      Pursuant to 28 U.S.C. §§1446(a), attached to this Notice of Removal as "Exhibit A" and incorporated by reference the same as if fully set forth at length herein, are true and correct copies of all pleadings, processes, citations, orders and other filings in the State Court Action that were indexed in the Fifth Judicial District Court of Dona Ana County of the State of New Mexico's Official File for this suit as well as a copy of the Civil Docket Sheet maintained in the State Court Action, as of the date this Notice of Removal is being filed.

## III.

### Proper Venue:   United States District Court for the District of New Mexico

4.      Venue is proper in this United States District Court for the District of New Mexico under 28 U.S.C. §§1441(a) and 1446(a) because the State Court where the underlying State Court Action has been pending is located in Lea County, New Mexico, within this District. The United States District Court for the District of New Mexico is the District Court for the District that includes Lea County, New Mexico, where the State Court Action is currently pending.  *See* 28 U.S.C. §§ 103(4), 124(d)(3).

## IV.

### Notice to State Court

5.      Pursuant to 28 U.S.C. § 1446(d), Defendants, concurrently with the filing of this Notice of Removal, have given written notice of the filing of this Notice of Removal to all parties of record and has also promptly filed, under separate cover, a copy of said written notice with the Fifth Judicial District Court of Dona Ana County, State of New Mexico, cause number D-506-CV-2022-00068.

## V.

### Complete Diversity of Citizenship Exists (Texas and Oklahoma)

6.      Defendants show that this Honorable United States District Court has diversity jurisdiction over the above-titled action pursuant to 28 U.S.C. § 1332(a)(1) and the action may be properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a)&(b) and 1446. Upon information and belief, Plaintiff is a citizen and resident of the State of Texas. (See Plaintiff's Original Complaint, p. 1). Defendants affirmatively show that they are citizens and residents of the State of Oklahoma. Specifically, Defendant Darvin Ray McAfee is an individual citizen of the State of

Oklahoma. Defendant KAR Equipment, LLC is a Foreign Corporate Entity, namely an Oklahoma limited liability company that was organized in the State of Oklahoma, whose principal place of business is located in the State of Oklahoma.   Both on the date when Plaintiff originally filed his Original Complaint and continuing through the present date, Defendant KAR Equipment, LLC was and is an Oklahoma limited liability company with its principal place of business located in Oklahoma. This entity's primary management offices, principal place of business, and operations are all located at its corporate headquarters located in the City of Duncan, Stephens County, Oklahoma. Further, the direction, control and coordination of Defendant KAR Equipment, LLC's activities take place from its corporate headquarters in the City of Duncan, Stephens County, Oklahoma.

7.      Additionally, both on the date when Plaintiff filed his Original Complaint and continuing through the present date, Defendant KAR Equipment, LLC's owners/members were and are Mr. Milton C. Reed, individually, and Mrs. Kathryn Ann Reed, individually.   Milton C. Reed is an individual citizen and resident of the State of Oklahoma.   Kathryn Ann Reed is an individual citizen and resident of the State of Oklahoma. Thus, there is complete diversity of citizenship between and among the Plaintiff (Texas), and Defendants Darvin Ray McAfee (Oklahoma) and KAR Equipment, LLC (Oklahoma).

## VI.

### Federal Court Amount in Controversy is Met

8.      Defendants also show the claimed amount of damages in controversy as sought by Plaintiff in this action exceeds $75,000.00 (excluding interest and court costs)[1], which exceeds the

---

[1] Prior to filing this Notice of Removal, Defendants' counsel conferred with Plaintiff's counsel about the amount being sought by Plaintiff in this action. Plaintiff's counsel confirmed that, at this time, Plaintiff seeks to recover more than $75,000.00, in this action.

minimum diversity of citizenship jurisdictional requirement of a United States District Court. 28 U.S.C. § 1332(a)(1).

## VII.

### Jury Demand

9.    Plaintiff made and filed a Jury Demand in the State Court Action on February 7, 2022. (See Jury Demand, included among the State Court Action filings attached as "Exhibit A.")

10.    Accordingly and for the foregoing reasons, evidence and authority, removal of this action is proper pursuant to 28 U.S.C. § 1441(a).

11.    Defendants expressly reserve their rights to raise all additional defenses and objections to Plaintiff's claims and causes of action asserted herein and to otherwise re-plead further, under the Federal Rules of Civil Procedure, after this action is removed to the above, Honorable United States District Court.

WHEREFORE, PREMISES CONSIDERED, Defendants DARVIN RAY MCAFEE and KAR EQUIPMENT, LLC, pray that this Honorable United States District Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. § 1332, 1441 and 1446, *et. seq.*, and order that the above-styled and numbered State Court Action (Cause No. D-506-CV-2022-00068) be removed from the Fifth Judicial District Court of Lea County of the State of New Mexico, to this Honorable United States District Court for the District of New Mexico, and that this action hereafter proceed in this Honorable United States District Court as an action properly removed thereto, and grant any and all other relief to which Defendants may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
(915) 532-2000
Fax: (915) 541-1597
almanzan@mgmsg.com


By: _____
　　　**Andrés E. Almanzán**
　　　**U.S. District Court for the District of**
　　　**New Mexico Federal Bar Number 17-156**
　　　**New Mexico State Bar No. 152030**

Attorney for Defendants DARVIN RAY MCAFEE
and KAR EQUIPMENT, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day March 2022, a true and correct copy of the foregoing pleading was e-filed and caused to be served upon and delivered to the following:

Manuel H. Hernandez, Esq.
Fadduol, Cluff, Hardy & Conaway, P.C.
2469 E. 11th Street
Odessa, Texas 79761
Telephone: (432) 335-0399
Facsimile: (432) 335-0398

**Delivered via:**
__**X**__ ECF/E-filing Service
_____ Certified Mail
__**X**__ First Class Mail
_____ Hand Delivery

*Attorney for Plaintiff*


_____
　**Andrés E. Almanzán**

# "EXHIBIT A"

# New Mexico Courts
## Case Lookup

Exit

Name Search        Case Number Search        DWI Search
Case Detail

### Ramon Humberto Franco v. Darvin Ray McAfee, et. al.

| CASE DETAIL | | | |
|---|---|---|---|
| **CASE NUMBER** | **CURRENT JUDGE** | **FILING DATE** | **COURT** |
| D-506-CV-202200068 | Sanchez, Mark | 02/07/2022 | LOVINGTON DISTRICT |

| PARTIES TO THIS CASE | | | |
|---|---|---|---|
| **PARTY TYPE** | **PARTY DESCRIPTION** | **PARTY #** | **PARTY NAME** |
| D | Defendant | 1 | MCAFEE DARVIN RAY |
| | | | ATTORNEY: ALMANZAN ANDRES EDUARDO |
| D | Defendant | 2 | KAR EQUIPMENT, LLC |
| | | | ATTORNEY: ALMANZAN ANDRES EDUARDO |
| P | Plaintiff | 1 | FRANCO RAMON HUMBERTO |
| | | | ATTORNEY: HERNANDEZ MANUEL HERNAN |

| CIVIL COMPLAINT DETAIL | | | | |
|---|---|---|---|---|
| **COMPLAINT DATE** | **COMPLAINT SEQ #** | **COMPLAINT DESCRIPTION** | **DISPOSITION** | **DISPOSITION DATE** |
| 02/07/2022 | 1 | OPN: COMPLAINT | | |
| **COA SEQUENCE #** | **COA DESCRIPTION** | | | |
| 1 | Tort: Personal Injury Auto | | | |
| **PARTY NAME** | **PARTY TYPE** | | **PARTY #** | |

| REGISTER OF ACTIONS ACTIVITY | | | | | |
|---|---|---|---|---|---|
| **EVENT DATE** | **EVENT DESCRIPTION** | **EVENT RESULT** | **PARTY TYPE** | **PARTY #** | **AMOUNT** |
| 03/17/2022 | ANSWER | | D | 2 | |
| 03/17/2022 | ANSWER | | D | 1 | |
| 03/16/2022 | AFFIDAVIT OF SERVICE | | D | 1 | |
| 03/15/2022 | SUMMONS RETURN | | D | 2 | |
| 03/03/2022 | AFFIDAVIT | | P | 1 | |
| | of Non-Service. KAR Equipment | | | | |
| 02/21/2022 | SUMMONS RETURN | | D | 1 | |
| 02/10/2022 | | | | | |

| 02/07/2022 | JURY DEMAND 12 PERSON | | P | 1 | |
| 02/07/2022 | OPN: COMPLAINT | | P | 1 | |
| | to recover damages for personal injury | | | | |

| JUDGE ASSIGNMENT HISTORY | | | |
|---|---|---|---|
| **ASSIGNMENT DATE** | **JUDGE NAME** | **SEQUENCE #** | **ASSIGNMENT EVENT DESCRIPTION** |
| 02/07/2022 | Sanchez, Mark | 1 | INITIAL ASSIGNMENT |

[ Return ]   [ Print ]

©2007 New Mexico Courts

FILED
5th JUDICIAL DISTRICT COURT
Lea County
2/7/2022 9:57 AM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

**STATE OF NEW MEXICO**
**COUNTY OF LEA**
**FIFTH JUDICIAL DISTRICT COURT**

**RAMON HUMBERTO FRANCO,**
      **Plaintiff,**

**No.**   D-506-CV-2022-00068

**vs.**

Case assigned to Sanchez, Mark

**DARVIN RAY MCAFEE AND**
**KAR EQUIPMENT, LLC**
      **Defendant.**

## PLAINTIFF'S COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY

**COMES NOW**, Plaintiff Ramon Humberto Franco, by and through his attorneys of record

FADDUOL, CLUFF, HARDY & CONAWAY, P.C. (Manuel H. Hernandez), and for cause of action

herein over and against Defendants Darvin Ray McAfee and KAR Equipment, LLC. Plaintiff

would show the Court as follows:

### I. PARTIES

1.    Plaintiff is a resident of the State of Texas.

2.    Upon information and belief, Defendant Darvin Ray McAfee is a resident of

Duncan, Stephens County, Oklahoma, and may be served at: 1307 N. 11th Street, Duncan, OK

73533, or wherever he may be found.

3.    Defendant KAR Equipment, LLC is a foreign limited liability company doing

business in the State of New Mexico. Defendant KAR Equipment, LLC LLC may be served

through its registered agent: Joe K. White, 919 W. Maple, Duncan, OK 73533, or wherever it may

be found.

### II. JURISDICTION AND VENUE

4.    The allegations of the preceding and succeeding paragraphs are incorporated herein

by reference.

5.    The Court has jurisdiction of this cause of action because the events and occurrences giving rise to the injuries and damages suffered by Plaintiff occurred in New Mexico.

6.    This Court has jurisdiction of this cause of action because the events and occurrences giving rise to the injuries and damages suffered by Plaintiff occurred in the State of New Mexico.  Additionally, venue is proper in Lea County, New Mexico as said county is the place where the incident giving basis to this suit occurred.  NMSA 1978, § 38-3-1 (A) (2009).

## III. GENERAL ALLEGATIONS

7.    The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

8.    On or about March 15, 2021, Defendant Darvin Ray McAfee was operating a 2017 Dodge Pickup owned by Defendant KAR Equipment, LLC.

9.    On or about March 15, 2021, Plaintiff was traveling west on Highway 128. Defendant McAfee was traveling south on Delaware Basin Road and approached the stop sign the intersection. Defendant McAfee failed to yield the right of way and pulled out in front of Plaintiff, causing the collision.

10.    As a result of this collision, Plaintiff sustained injuries.

## IV. ALLEGATIONS AGAINST DEFENDANT DARVIN RAY MCAFEE

11.    The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

### Negligence

12.    At all times relevant to the allegations of this Complaint, Defendant Darvin Ray McAfee had a duty to act as a reasonable and prudent vehicle operator. Defendant Darvin Ray

McAfee breached this duty and was negligent.  Defendant Darvin Ray McAfee's negligence includes, but is not limited to, the following acts and/or omissions:

    a.    Failure to yield right of way;

    b.    Driver inattention;

    c.    Operating a vehicle in a careless manner; and

    d.    Operating a vehicle in a reckless manner.

13.    Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

### Negligence *Per Se*

14.    Defendant Darvin Ray McAfee has violated New Mexico Statute 66-7-331 by failing to yield the right of way to a vehicle that was already on the highway. This section proscribes certain action and/or creates a standard of conduct and Defendant Darvin Ray McAfee's conduct represents an unexcused violation of this standard. Plaintiff belongs to the class of persons that this statute was meant to protect, and the harm or injury is generally of the type this statute seeks to prevent.

### Punitive Damages

15.    Defendant Darvin Ray McAfee's acts and/or omissions described herein were malicious, willful, reckless, and/or wanton as those terms are defined by New Mexico law justifying an award of punitive damages. The acts and/or omissions described herein were committed by Defendant Darvin Ray McAfee and as such, Plaintiff is entitled and should therefore recover a punitive damages award in an amount to be determined by a jury.

## V. ALLEGATIONS AGAINST DEFENDANT
## KAR EQUIPMENT, LLC

16.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

### *Respondeat Superior*

17.     Defendant KAR Equipment, LLC, is vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct of its employees. At all times relevant to the allegations contained in this Complaint, Defendant Darvin Ray McAfee was acting within the course and scope of his employment and/or agency with Defendant KAR Equipment, LLC and was negligent.

18.     The negligence of Defendant KAR Equipment, LLC's employees, was the proximate cause of Plaintiff's injuries and damages. Therefore, Defendant KAR Equipment, LLC is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employees, officers, and/or agents under theory of *respondeat superior*.

### Negligent Entrustment

19.     Defendant KAR Equipment, LLC is further liable to Plaintiff for negligently entrusting a vehicle to Defendant Darvin Ray McAfee. At the time of the incident made the basis of this suit, Defendant KAR Equipment, LLC was the owner of the vehicle or in control of the vehicle that caused Plaintiff's injuries.

20.     Defendant KAR Equipment, LLC entrusted its vehicle to Defendant Darvin Ray McAfee. Defendant KAR Equipment, LLC knew or should have known Defendant Darvin Ray McAfee was an incompetent and/or reckless driver, and knew or should have known he was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others.

21.     Defendant Darvin Ray McAfee, the driver of Defendant KAR Equipment, LLC's vehicle, was negligent in the operation of the vehicle and that negligence proximately caused the injuries sustained by Plaintiff.

## Negligence

22.     At all relevant times to this cause of action, Defendant KAR Equipment, LLC had a duty to act as a reasonable and prudent employer and company. Defendant KAR Equipment, LLC breached this duty and was negligent. Defendant KAR Equipment, LLC's negligence includes, but is not limited to, the following acts and/or omissions:

    a.     Hiring Defendant Darvin Ray McAfee to be a driver;

    b.     Failing to conduct a thorough and proper investigation into the record, background, and/or qualifications of Defendant Darvin Ray McAfee;

    c.     Retaining Defendant Darvin Ray McAfee as a driver when it knew or should have known that he was incompetent and/or dangerous;

    d.     Failing to adequately train and instruct Defendant Darvin Ray McAfee as a driver of a company vehicle; and

    e.     Failing to adequately supervise Defendant Darvin Ray McAfee in the discharge of his duties as an operator of a company vehicle.

23.     Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## Punitive Damages

24.     A corporation may be held liable for punitive damages for the misconduct of its employees. The actions of Defendant's employees, viewed in the aggregate, determine that

Defendant had the requisite culpable mental state because of the cumulative conduct of the employees. *See Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ 18, 118 N.M. 266. "The culpable mental state of the corporation, however, may be inferred from the very fact that one employee could be ignorant of the acts or omissions of other employees with potentially disastrous consequences." *Id.* ¶ 20. The totality of circumstances can indicate "a wanton or reckless disregard for the lives, safety or property of other persons." *Id.* ¶ 18; *See Coates v. Wal–Mart Stores, Inc.*, 1999–NMSC–013, ¶¶ 47–48, 127 N.M. 47 (the Court relied on *Clay's* cumulative conduct theory in analyzing a jury's verdict and punitive future damage awards).

25. Defendant KAR Equipment, LLC's acts and/or omissions described herein were malicious, willful, reckless, and/or wanton as those terms are defined by New Mexico law justifying an award of punitive damages.

26. The acts and/or omissions described herein were committed by Defendant KAR Equipment, LLC's employees/agents possessing the requisite amount of authority such that Defendant KAR Equipment, LLC is directly and/or vicariously liable.

27. Furthermore, Defendant KAR Equipment, LLC, is directly and/or vicariously liable for punitive damages based on the conduct of Defendant Darvin Ray McAfee and/or its other agents, employees, officers, principals, and vice-principals.

28. Defendant Darvin Ray McAfee and/or its other agents, employees, officers, principals and vice-principals were acting in the scope of their employment with Defendant KAR Equipment, LLC and had sufficient discretionary authority to speak and act for it with regard to the conduct at issue, independent of higher authority.

29. Defendant KAR Equipment, LLC further authorized, participated in, or ratified the conduct of Defendant Darvin Ray McAfee and/or its other agents, employees, officers, principals,

and vice-principals.

30.     The malicious, willful, reckless and/or wanton conduct committed by Defendant KAR Equipment, LLC was pursuant to a pattern and practice involving various activities that constituted cumulative acts of punitive conduct.

## V. DAMAGES

31.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

32.     As a result of the above-mentioned negligent acts of Defendant, Plaintiff sustained injuries and has suffered and will continue to suffer from great physical pain.

33.     As a result of the collision, Plaintiff has incurred and will continue to incur expenses for medical care, treatment and services, past, present, and future.

34.     As a result of the collision, Plaintiff has sustained physical pain and suffering, which still continues, and which will continue into the future.  As a result of such pain, Plaintiff has been precluded from many of his normal activities, and has suffered loss of enjoyment of life.

35.     As a result of the collision, Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

36.     Plaintiff is entitled to recover from Defendant compensatory and punitive damages in such amounts allowed by law and as determined by the fact finders in this case, as well as any and all such other damages or other relief available under New Mexico law as determined appropriate by the Court.

## VI. PRAYER FOR RELIEF

37.     WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants,

FRANCO COMPLAINT FOR PERSONAL INJURY DAMAGES

and that the Court issues an order granting the following relief:

   a.   Recovery of a reasonable monetary award or awards as compensatory damages, in amounts and to extent to be proven at trial;

   b.   If the evidence permits, an award of punitive damages in an amount sufficient to deter future wrongful conduct of this nature;

   c.   Pre-judgment and post-judgment interest thereon at the rate determined by law;

   d.   Plaintiff's costs in the action; and

   e.   Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

FADDUOL, CLUFF, HARDY & CONAWAY, P.C.
2469 E. 11th Street
Odessa, Texas 79761
Telephone: (432) 335-0399
Facsimile: (432) 335-0398

/s/ Manuel H. Hernandez
Manuel H. Hernandez
mhernandez@fchclaw.com

*Attorney for Plaintiff*

FILED
5th JUDICIAL DISTRICT COURT
Lea County
2/7/2022 9:57 AM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

**STATE OF NEW MEXICO**
**COUNTY OF LEA**
**FIFTH JUDICIAL DISTRICT COURT**

**RAMON HUMBERTO FRANCO,**
     **Plaintiff,**

**vs.**

No. _____ D-506-CV-2022-00068

Case assigned to Sanchez, Mark

**DARVIN RAY MCAFEE AND**
**KAR EQUIPMENT, LLC**
     **Defendant.**

<u>**JURY DEMAND**</u>

     **COMES NOW,** Ramon Humberto Franco, by and through his undersigned counsel, demands a trial by a twelve-person jury of all issues triable of right by jury and hereby tenders the sum of $300.00 for jury fee.

                           Respectfully submitted,

                           Fadduol, Cluff, Hardy & Conaway, P.C.

                           */s/ Manuel H. Hernandez*
                           Manuel H. Hernandez
                           2469 E. 11th Street
                           Odessa, TX 79761
                           Telephone: (432) 335-0399
                           Fax: (432) 335-0398
                           mhernandez@fchclaw.com
                           *ATTORNEYS FOR PLAINTIFF*

**SUMMONS ON COMPLAINT**

| | |
|---|---|
| **STATE OF NEW MEXICO COUNTY OF LEA FIFTH JUDICIAL DISTRICT COURT**<br><br>Address: 100 N. Main, Lovington, NM 88260<br>Phone: 575-396-8571 | **Case Number: D-506-CV-2022-00068**<br><br>**Judge: Honorable Mark Sanchez** |
| **RAMON HUMBERTO FRANCO**<br><br>Plaintiff,<br><br>vs.<br><br>**DARVIN RAY MCAFEE AND KAR EQUIPMENT, LLC**<br><br>Defendants. | **TO: KAR EQUIPMENT, LLC** by and through its registered agent,<br>**Joe K. White**<br>**919 W. Maple**<br>**Duncan, OK 73533** |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

      1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

      2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

      3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

      4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

      5.     A jury trial has already been requested and you are also being served with the **Jury Demand.**

      6.     If you need an interpreter, you must ask for one in writing.

      7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

**ORIGINAL: To Be Returned to Clerk of District Court for Filing.**

# RETURN[1]

STATE OF NEW MEXICO                                         )
                                                           ) ss
COUNTY OF_____                                   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

***(check one box and fill in appropriate blanks)***

[]      to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[]      to _____, an agent authorized to receive service of process for defendant _____.

[]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[]      to _____ *(name of person),* _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees:   _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____.[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

Dated at _____Lovington_____, New Mexico, this 10th day of February, 202 2 .

CLERK OF DISTRICT COURT

By: 

Deputy

Respectfully submitted,

Fadduol, Cluff, Hardy & Conaway, P.C.

/s/ Manuel H. Hernandez

Manuel H. Hernandez

2469 E. 11th Street

Odessa, TX 79761

Telephone: (432) 335-0399

Fax: (432) 335-0398

mhernandez@fchclaw.com

ATTORNEYS FOR PLAINTIFF

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

FILED
5th JUDICIAL DISTRICT COURT
Lea County
3/3/2022 8:35 AM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

STATE OF NEW MEXICO, COUNTY OF LEA, FIFTH JUDICIAL DISTRICT

**RAMON HUMBERTO FRANCO**

Plaintiff/Petitioner

vs.

**DARVIN RAY MCAFEE AND KAR EQUIPMENT, LLC**

Defendant/Respondent

Case No.:   **D-506-CV-2022-00068**

D-506-CV-2022-00068

AFFIDAVIT OF NON-SERVICE OF
**SUMMONS ON COMPLAINT; PLAINTIFF'S COMPLAINT
TO RECOVER DAMAGES FOR PERSONAL INJURY;
JURY DEMAND**

Received by James Dewayne Pierce, on the **10th day of February, 2022 at 7:56 PM** to be served upon **KAR Equipment, LLC c/o JOE K WHITE, REGISTERED AGENT at 919 West Maple Avenue, Duncan, Stephens County, OK 73533**.

On the **2nd day of March, 2022 at 10:47 AM**, I, James Dewayne Pierce, NON-SERVED KAR Equipment, LLC c/o **JOE K WHITE, REGISTERED AGENT**.

**NON-SERVICE** after due search, careful inquiry and diligent attempts at **919 West Maple Avenue, Duncan, Stephens County, OK 73533**, I have been unable to effect process upon the person/entity being served due to the following reason (s):
**2/13/2022 2:11 PM: There was no answer at the address.  Business is closed on weekends**
**2/15/2022 5:22 PM: There was no answer at the address.  At the address I observed a package/mail addressed to another.  This business is a closed law office there is lots mail in the mail box addressed to a Joe k. White**
**2/24/2022 1:40 PM: There was no answer at the address.  Made contact with Duncan police department and they stated defendant moved his office her in town approximately 3 months ago did not have a new address**
**3/2/2022 10:47 AM: There was no answer at the address.  Made contact with City of Duncan water and electric they stated there is no services on at this address.**

Service Fee Total: **$0.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _James Pierce_                    PSS-2019-2                         03/02/2022
James Dewayne Pierce              Server ID #                         Date

FILED
5th JUDICIAL DISTRICT COURT
Lea County
3/15/2022 12:45 PM
NELDA CUELLAR
CLERK OF THE COURT
Sandy Long

IN THE STATE OF NEW MEXICO, COUNTY OF LEA, FIFTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| **RAMON HUMBERTO FRANCO** | | Cause No.:   **D-506-CV-2022-00068** |
| | Plaintiff/Petitioner | |
| vs. | | |
| **DARVIN RAY MCAFEE AND KAR EQUIPMENT, LLC** | | **DECLARATION OF MAILING OF** |
| | Defendant/Respondent | **Summons; Complaint; Jury Demand** |

The undersigned hereby declares: that I, Laurice Averill, am over the age of 18, and not party to, nor interested in the within entitled action. My business address is 633 Yesler Way, Seattle, WA 98104.

That on **March 14, 2022**, after substituted service was made on **March 07, 2022** to **Joe White**, a I delivered the documents to Joe White who indicated they were the registered agent with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 45-55 years of age, 5'8"-5'10" tall and weighing 200-240 lbs with a mustache and a beard, I completed service by depositing a true copy of the **Summons;Complaint;Jury Demand**, marked with confirmation of date, time, and place of substituted service in the United States mail, by first class mail with proper postage attached.

That I addressed the envelope(s) as follows:

       KAR EQUIPMENT, LLC
       2410 W. Seminole Rd.
       Duncan, OK

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

I executed this declaration on March 14, 2022 at Seattle, WA.

Declarant Laurice Averill, 633 Yesler Way, Seattle, WA 98104. 206-521-9000.

Tracking #: 0084004190 PDX

FILED
5th JUDICIAL DISTRICT COURT
Lea County
3/16/2022 7:07 PM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

STATE OF NEW MEXICO, COUNTY OF LEA, FIFTH JUDICIAL DISTRICT

**RAMON HUMBERTO FRANCO**

Plaintiff/Petitioner

Case No.:   D-506-CV-2022-0068
D-506-CV-2022-00068

vs.

**DARVIN RAY MCAFEE AND KAR EQUIPMENT, LLC**

Defendant/Respondent

AFFIDAVIT OF SERVICE OF
Summons; Complaint; Jury Demand

Received by James Dewayne Pierce, on the 5th day of March, 2022 at 5:59 PM to be served upon KAR Equipment, LLC at 2410 W. Seminole Rd., Duncan, Stephens County, OK.
On the 7th day of March, 2022 at 8:04 PM, I, James Dewayne Pierce, SERVED KAR Equipment, LLC at 2410 W. Seminole Rd., Duncan, Stephens County, OK in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering 1 copy(ies) of the above listed documents to the named Corporation, by serving Joe White , on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
I delivered the documents to Joe White who indicated they were the registered agent with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 45-55 years of age, 5'8"-5'10" tall and weighing 200-240 lbs with a mustache and a beard.

Service Fee Total: $85.00

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _James Pierce_ SS-2019-2 _3/16/22_
James Dewayne Pierce            Server ID #            Date

Notary Public:  Subscribed and sworn before me on this _16_ day of _March_ in the year of 20_2_
Personally known to me _X_ or _____ identified by the following document:

Number/Reference: 2100895
Type: _____
Notary Public for State of: OK
Commission Expiration: 7-8-25

_____ (signature)
Notary Public (Legal Signature)

TAMIE RAE PIERCE
Notary Public - State of Oklahoma
Commission Number ___ :951
My Commission Expires ___ 8, 2025

REF: REF-9576368 (new address)

Page 1 of 1
Tracking #: 0084004188

FILED
5th JUDICIAL DISTRICT COURT
Lea County
3/17/2022 2:12 PM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

**STATE OF NEW MEXICO**
**COUNTY OF LEA**
**FIFTH JUDICIAL DISTRICT**

**RAMON HUMBERTO FRANCO,**                    §
                                             §
    **Plaintiff,**                            §
                                             §
**v.**                                       §    **No. D-506-CV-2022-00068**
                                             §    **Judge Sanchez, Mark**
**DARVIN RAY MCAFEE AND**                     §
**KAR EQUIPMENT, LLC,**                       §
                                             §
    **Defendant.**                           §

## DEFENDANT DARVIN RAY McAFEE'S ORIGINAL ANSWER IN RESPONSE TO PLAINTIFF'S COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY

TO THE HONORABLE JUDICIAL DISTRICT COURT JUDGE:

COMES NOW, DARVIN RAY McAFEE, a Co-Defendant herein (hereinafter referred to as "Defendant"), and hereby timely files this, his Original Answer in response to Plaintiff's Complaint to Recover Damages For Personal Injury (hereinafter referred to as "Complaint") and in support thereof, respectfully shows the Court as follows:

1.     Defendant admits the allegations of Paragraph 1 of the Complaint.

2.     Defendant admits the allegations of Paragraph 2 of the Complaint.

3.     Defendant admits the allegations of Paragraph 3 of the Complaint.

4.     Regarding Paragraph 4 of the Complaint, Defendant incorporates his responses to Paragraphs numbers 1, 2, and 3 of the Complaint hereinabove, by reference.

5.     Defendant admits the allegations of Paragraph 5 of the Complaint.

6.     Defendant admits the allegations of Paragraph 6 of the Complaint.

7.     Regarding Paragraph 7 of the Complaint, Defendant incorporates his responses to Paragraphs numbers 1-6 of the Complaint hereinabove, by reference.

8.     Defendant admits the allegations of Paragraph 8 of the Complaint.

9.      Regarding Paragraph 9 of the Complaint, Defendant admits that on or about March 15, 2021, Plaintiff was traveling west on Highway 128, while this Defendant was traveling south bound on Delaware Basin Road, approaching a stop sign at the intersection. Defendant otherwise denies the remainder of the allegations of Paragraph 9 of the Complaint, as phrased.

10.     Defendant denies the allegations of Paragraph 10 of the Complaint.

11.     Regarding Paragraph 11 of the Complaint, Defendant incorporates his responses to Paragraphs numbers 1-10 of the Complaint hereinabove, by reference.

12.     Defendant denies the allegations of Paragraph 12 of the Complaint, including the allegations set forth in subparagraphs (a) through (d) thereunder.

13.     Defendant denies the allegations of Paragraph 13 of the Complaint.

14.     Defendant denies the allegations of Paragraph 14 of the Complaint.

15.     Defendant denies the allegations of Paragraph 15 of the Complaint.

16.     Regarding Paragraph 16 of the Complaint, Defendant incorporates his responses to Paragraphs numbers 1-15 of the Complaint hereinabove, by reference.

17.     Regarding Paragraph number 17 of the Complaint, Defendant admits that at the time of the subject accident, this Defendant Darvin Ray McAfee was acting within the course and scope of his employment with Co-Defendant KAR Equipment, LLC, however, this Defendant otherwise denies the remainder of the allegations of Paragraph 17 of the Complaint.

18.     Defendant denies the allegations of Paragraph 18 of the Complaint.

19.     Regarding Paragraph 19 of the Complaint, Defendant admits that on the date of the subject accident, Co-Defendant KAR Equipment, LLC was the owner of the vehicle that was being operated by this Defendant Darvin Ray McAfee, however, this Defendant otherwise denies the remainder of the allegations of Paragraph 19 of the Complaint.

20.     Regarding Paragraph 20 of the Complaint, Defendant admits that on the date of the

subject accident, Co-Defendant KAR Equipment, LLC permitted this Defendant Darvin Ray McAfee to operate its vehicle at issue, however, this Defendant otherwise denies the remainder of the allegations of Paragraph 20 of the Complaint.

21.    Defendant denies the allegations of Paragraph 21 of the Complaint.

22.    Defendant denies the allegations of Paragraph 22 of the Complaint, including the allegations set forth in subparagraphs (a) through (e), thereunder.

23.    Defendant denies the allegations of Paragraph 23 of the Complaint.

24.    Defendant denies the allegations of Paragraph 24 of the Complaint.

25.    Defendant denies the allegations of Paragraph 25 of the Complaint.

26.    Defendant denies the allegations of Paragraph 26 of the Complaint.

27.    Defendant denies the allegations of Paragraph 27 of the Complaint.

28.    Regarding Paragraph number 28 of the Complaint, this Defendant admits that at the time of the subject accident, this Defendant Darvin Ray McAfee was acting within the course and scope of his employment with Co-Defendant KAR Equipment, LLC, however, this Defendant otherwise denies the remainder of the allegations of Paragraph 28 of the Complaint.

29.    Regarding Paragraph number 29 of the Complaint, this Defendant admits that at the time of the subject accident, this Defendant Darvin Ray McAfee was acting within the course and scope of his employment with Co-Defendant KAR Equipment, LLC, however, this Defendant otherwise denies the remainder of the allegations of Paragraph 29 of the Complaint.

30.    Defendant denies the allegations of Paragraph 30 of the Complaint.

31.    Regarding Paragraph 31 of the Complaint, Defendant incorporates his responses to Paragraphs numbers 1-30 of the Complaint hereinabove, by reference.

32.    Defendant denies the allegations of Paragraph 32 of the Complaint.

33.    Defendant denies the allegations of Paragraph 33 of the Complaint.

34.    Defendant denies the allegations of Paragraph 34 of the Complaint.

35.    Defendant denies the allegations of Paragraph 35 of the Complaint.

36.    Defendant denies the allegations of Paragraph 36 of the Complaint.

37.    Regarding Paragraph 37 of the Complaint, titled "VI. Prayer for Relief," Defendant denies that Plaintiff is entitled to judgment and/or to any other relief for damages against the Defendants in this case, and denies all allegations and requests therein for the awarding of damages to Plaintiff herein, and denies all allegations and all requests for damages asserted in subparagraphs (a) through (e), appearing thereunder.

38.    Further, any and all other allegations as stated in the Plaintiff's Complaint to Recover Damages for Personal Injury which are not expressly admitted in the foregoing Paragraphs are hereby denied.

## AFFIRMATIVE DEFENSES

Subject to and without waiving any portion of the foregoing answer and, where appropriate, in the alternative, Defendant further alleges and pleads that:

39.    The Defendants were not negligent, nor did they breach any applicable duty, standard of care, law, or regulation and no alleged act, omission, or conduct attributable to them was a proximate cause of the subject accident or of Plaintiff's claimed injuries made subject of this suit. The events and conditions that led to Plaintiff's alleged injuries were the result of a mere accident and such is not proof of any negligence of the part of any defendant, which allegations of negligence, Defendant denies.

40.    In the alternative, Defendant asserts that Plaintiff was comparatively and contributory negligent and that his own negligence in his failure to keep a proper lookout for himself was the sole proximate cause, or, in the alternative, a proximate cause, of Plaintiff's alleged incident, injuries and/or damages and that such negligence proportionately reduces Plaintiff's recovery

against Defendants under New Mexico Law.   Defendant specifically requests that at trial, Plaintiff should be apportioned his own respective share of the comparative responsibility for having caused or contributed to the cause of his injuries made subject of this suit.

41.     In the alternative, the events and conditions that led to Plaintiff's alleged injuries or damages claimed herein, if any, were the result of the negligent acts or omissions of other persons and/or third parties for whom this Defendant is not and cannot be held liable, and such conduct was the sole cause, or alternatively a contributing cause, of Plaintiff's alleged incident and injuries.

42.     Plaintiff already had pre-existing health conditions and/or other, extraneous injuries before the date of the subject accident made subject of this suit, that pre-dated, caused and/or aggravated Plaintiff's claimed injuries and damages herein, and/or Plaintiff suffered from post-accident, subsequently-occurring events and/or non-accident-related conditions, which caused or aggravated Plaintiff's claimed injuries and damages herein.

43.     Plaintiff suffered from subsequent events or conditions that constitute new and intervening causes and were not proximately caused by the occurrence made the basis of this lawsuit.

44.     Plaintiff failed to mitigate his respective, alleged injuries, losses, and damages.

45.     By way of defense, Defendant is contesting and disputing the existence, nature, causation, extent, severity and duration of Plaintiff's alleged injuries and damages claimed in this suit. Defendant contests and denies that all of the claimed past and future medical examinations, visits, protocols, procedures, tests, surgery(ies), treatment, prescription drug medications and the charges, bills and expenses associated with same and submitted and claimed by Plaintiff in this lawsuit represent examinations, visits, protocols, procedures, tests, surgeries, treatment, prescription drug medications amounts and/or medical services that were/are/ will be reasonable,

necessary, and which relate(d) to any injury(ies) that was/were proximately caused by the alleged motor vehicle incident made subject of this lawsuit. Defendant also contests and denies the claimed loss of wages documentation and claimed loss of future wage earning capacity evidence and documentation submitted and claimed by Plaintiff in this lawsuit are reasonable, necessary, and caused by the accident made subject of this lawsuit. Rather, the full extent of Plaintiff's claimed injuries and damages claimed in this suit either do not exist, were not caused by the subject incident, are not as severe as Plaintiff alleges, and/or may have resulted from Plaintiff's prior, other, subsequent, and/or pre-existing/extraneous health conditions and/or accidents, conditions and injuries that are not related to and/or were not caused by and did not result from the incident made subject of this suit.

46.     While denying liability herein, Defendant asserts that any recovery by Plaintiff for any loss of earnings, loss of future wage-earning capacity and/or loss of contributions of a pecuniary value must be limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to New Mexico and Federal income tax law.

47.     While denying liability herein, Defendant asserts that the Plaintiff is not entitled to recover any exemplary or punitive damages in this cause as no conduct attributable to either of the Defendants herein was committed "recklessly," "with malice" or otherwise constitutes "gross negligence" as those terms are defined under New Mexico law. Defendant asserts that, under the facts and circumstances presented in this cause, the imposition of exemplary damages in this suit against the Defendants' interests would violate their respective rights under the United States Constitution and the State of New Mexico Constitution, including but not limited to, violations of the due process clause and violations of the prohibition against excessive fines and punishment.

15372-115/AALM/1676733                          6

48.     Defendant reserves the right to assert additional defenses and affirmative defenses which

may be appropriate, pending the completion of further investigation and discovery in the present

matter.

**JURY DEMAND**

49.     Defendant respectfully requests a trial by jury of 12 persons.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendant DARVIN RAY McAFEE prays

that Plaintiff take nothing by his suit and that this Defendant recover his costs and all other relief

to which he may be justly entitled at law or in equity.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
(915) 532-2000
Fax: (915) 541-1597
almanzan@mgmsg.com

By: _Andy Almanzán_

**Andrés E. Almanzán**
**New Mexico State Bar No. 152030**
**New Mexico CAID # 19/031**

Attorney for Defendants DARVIN RAY MCAFEE
and KAR EQUIPMENT, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day March 2022, a true and correct copy of the foregoing pleading was e-filed and caused to be served upon and delivered to the following:

Manuel H. Hernandez, Esq.
Fadduol, Cluff, Hardy & Conaway, P.C.
2469 E. 11th Street
Odessa, Texas 79761
Telephone: (432) 335-0399
Facsimile: (432) 335-0398

**Delivered via:**
__X__ ECF/E-filing Service
_____ Certified Mail
_____ First Class Mail
_____ Hand Delivery

*Attorney for Plaintiff*


_____
**Andrés E. Almanzán**

15372-115/AALM/1676733                                   8

FILED
5th JUDICIAL DISTRICT COURT
Lea County
3/17/2022 2:12 PM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

**STATE OF NEW MEXICO**
**COUNTY OF LEA**
**FIFTH JUDICIAL DISTRICT**

**RAMON HUMBERTO FRANCO,**                  §
                                            §
    **Plaintiff,**                            §
                                            §
**v.**                                      §          **No. D-506-CV-2022-00068**
                                            §          **Judge Sanchez, Mark**
**DARVIN RAY MCAFEE AND**                   §
**KAR EQUIPMENT, LLC,**                     §
                                            §
    **Defendant.**                            §

## DEFENDANT KAR EQUIPMENT, LLC'S ORIGINAL ANSWER IN RESPONSE TO PLAINTIFF'S COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY

TO THE HONORABLE JUDICIAL DISTRICT COURT JUDGE:

    COMES NOW, KAR EQUIPMENT, LLC, a Co-Defendant herein (hereinafter referred to as "Defendant"), and hereby timely files this, its Original Answer in response to Plaintiff's Complaint to Recover Damages For Personal Injury (hereinafter referred to as "Complaint") and in support thereof, respectfully shows the Court as follows:

1.    Defendant admits the allegations of Paragraph 1 of the Complaint.

2.    Defendant admits the allegations of Paragraph 2 of the Complaint.

3.    Defendant admits the allegations of Paragraph 3 of the Complaint.

4.    Regarding Paragraph 4 of the Complaint, Defendant incorporates its responses to Paragraphs numbers 1, 2, and 3 of the Complaint hereinabove, by reference.

5.    Defendant admits the allegations of Paragraph 5 of the Complaint.

6.    Defendant admits the allegations of Paragraph 6 of the Complaint.

7.    Regarding Paragraph 7 of the Complaint, Defendant incorporates its responses to Paragraphs numbers 1-6 of the Complaint hereinabove, by reference.

8.    Defendant admits the allegations of Paragraph 8 of the Complaint.

15372-115/AALM/1676738                                      1

9.      Regarding Paragraph 9 of the Complaint, Defendant admits that on or about March 15, 2021, Plaintiff was traveling west on Highway 128, while Co-Defendant Darvin Ray McAfee was traveling south bound on Delaware Basin Road, approaching a stop sign at the intersection. Defendant otherwise denies the remainder of the allegations of Paragraph 9 of the Complaint, as phrased.

10.     Defendant denies the allegations of Paragraph 10 of the Complaint.

11.     Regarding Paragraph 11 of the Complaint, Defendant incorporates its responses to Paragraphs numbers 1-10 of the Complaint hereinabove, by reference.

12.     Defendant denies the allegations of Paragraph 12 of the Complaint, including all allegations set forth in subparagraphs (a) through (d) thereunder.

13.     Defendant denies the allegations of Paragraph 13 of the Complaint.

14.     Defendant denies the allegations of Paragraph 14 of the Complaint.

15.     Defendant denies the allegations of Paragraph 15 of the Complaint.

16.     Regarding Paragraph 16 of the Complaint, Defendant incorporates its responses to Paragraphs numbers 1-15 of the Complaint hereinabove, by reference.

17.     Regarding Paragraph number 17 of the Complaint, this Defendant admits that at the time of the subject accident, Co-Defendant Darvin Ray McAfee was acting within the course and scope of his employment with this Defendant KAR Equipment, LLC, however, this Defendant otherwise denies the remainder of the allegations of Paragraph 17 of the Complaint.

18.     Defendant denies the allegations of Paragraph 18 of the Complaint.

19.     Regarding Paragraph 19 of the Complaint, this Defendant admits that on the date of the subject accident, Defendant KAR Equipment, LLC was the owner of the vehicle that was being operated by Co-Defendant Darvin Ray McAfee, however, this Defendant otherwise denies the remainder of the allegations of Paragraph 19 of the Complaint.

20.     Regarding Paragraph 20 of the Complaint, this Defendant admits that on the date of the subject accident, this Defendant KAR Equipment, LLC permitted Co-Defendant Darvin Ray McAfee to operate its vehicle at issue, however, this Defendant otherwise denies the remainder of the allegations of Paragraph 20 of the Complaint.

21.     Defendant denies the allegations of Paragraph 21 of the Complaint.

22.     Defendant denies the allegations of Paragraph 22 of the Complaint, including the allegations set forth in subparagraphs (a) through (d), thereunder.

23.     Defendant denies the allegations of Paragraph 23 of the Complaint.

24.     Defendant denies the allegations of Paragraph 24 of the Complaint.

25.     Defendant denies the allegations of Paragraph 25 of the Complaint.

26.     Defendant denies the allegations of Paragraph 26 of the Complaint.

27.     Defendant denies the allegations of Paragraph 27 of the Complaint.

28.     Regarding Paragraph number 28 of the Complaint, this Defendant admits that at the time of the subject accident, Co-Defendant Darvin Ray McAfee was acting within the course and scope of his employment with this Defendant KAR Equipment, LLC, however, this Defendant otherwise denies the remainder of the allegations of Paragraph 28 of the Complaint.

29.     Regarding Paragraph number 29 of the Complaint, this Defendant admits that at the time of the subject accident, Co-Defendant Darvin Ray McAfee was acting within the course and scope of his employment with this Defendant KAR Equipment, LLC, however, this Defendant otherwise denies the remainder of the allegations of Paragraph 29 of the Complaint.

30.     Defendant denies the allegations of Paragraph 30 of the Complaint.

31.     Regarding Paragraph 31 of the Complaint, Defendant incorporates its responses to Paragraphs numbers 1-30 of the Complaint hereinabove, by reference.

32.     Defendant denies the allegations of Paragraph 32 of the Complaint.

33.     Defendant denies the allegations of Paragraph 33 of the Complaint.

34.     Defendant denies the allegations of Paragraph 34 of the Complaint.

35.     Defendant denies the allegations of Paragraph 35 of the Complaint.

36.     Defendant denies the allegations of Paragraph 36 of the Complaint.

37.     Regarding Paragraph 37 of the Complaint, titled "Prayer for Relief," Defendant denies that Plaintiff is entitled to judgment and/or to any other relief for damages against the Defendants in this case, and denies all allegations and requests therein for the awarding of damages to Plaintiff herein, and denies all allegations and all requests for damages asserted in subparagraphs (a) through (e), appearing thereunder.

38.     Further, any and all other allegations as stated in the Plaintiff's Complaint to Recover Damages for Personal Injury which are not expressly admitted in the foregoing Paragraphs are hereby denied.

## AFFIRMATIVE DEFENSES

Subject to and without waiving any portion of the foregoing answer and, where appropriate, in the alternative, Defendant further alleges and pleads that:

39.     The Defendants herein were not negligent, nor did they breach any applicable duty, standard of care, law, or regulation and no alleged act, omission, or conduct attributable to them was a proximate cause of the subject accident or of Plaintiff's claimed injuries made subject of this suit. The events and conditions that led to Plaintiff's alleged injuries were the result of a mere accident and such is not proof of any negligence of the part of any Defendant, which allegations of negligence, Defendant denies.

40.     In the alternative, Defendant asserts that Plaintiff was comparatively and contributory negligent and that his own negligence in his failure to keep a proper lookout for himself was the sole proximate cause, or, in the alternative, a proximate cause, of Plaintiff's alleged incident,

injuries and/or damages and that such negligence proportionately reduces Plaintiff's recovery against Defendants under New Mexico Law.   Defendant specifically requests that at trial, Plaintiff should be apportioned his own respective share of the comparative responsibility for having caused or contributed to the cause of his injuries made subject of this suit.

41.    In the alternative, the events and conditions that led to Plaintiff's alleged injuries or damages claimed herein, if any, were the result of the negligent acts or omissions of other persons and/or third parties for whom this Defendant is not and cannot be held liable, and such conduct was the sole cause, or alternatively a contributing cause, of Plaintiff's alleged incident and injuries.

42.    Plaintiff already had pre-existing health conditions and/or other, extraneous injuries before the date of the subject accident made subject of this suit, that pre-dated, caused and/or aggravated Plaintiff's claimed injuries and damages herein, and/or Plaintiff suffered from post-accident, subsequently-occurring events and/or non-accident-related conditions, which caused or aggravated Plaintiff's claimed injuries and damages herein.

43.    Plaintiff suffered from subsequent events or conditions that constitute new and intervening causes and were not proximately caused by the occurrence made the basis of this lawsuit.

44.    Plaintiff failed to mitigate his respective, alleged injuries, losses, and damages.

45.    By way of defense, Defendant is contesting and disputing the existence, nature, causation, extent, severity and duration of Plaintiff's alleged injuries and damages claimed in this suit. Defendant contests and denies that all of the claimed past and future medical examinations, visits, protocols, procedures, tests, surgery(ies), treatment, prescription drug medications and the charges, bills and expenses associated with same and submitted and claimed by Plaintiff in this lawsuit represent examinations, visits, protocols, procedures, tests, surgeries, treatment,

prescription drug medications amounts and/or medical services that were/are/ will be reasonable, necessary, and which relate(d) to any injury(ies) that was/were proximately caused by the alleged motor vehicle incident made subject of this lawsuit. Defendant also contests and denies the claimed loss of wages documentation and claimed loss of future wage earning capacity evidence and documentation submitted and claimed by Plaintiff in this lawsuit are reasonable, necessary, and caused by the accident made subject of this lawsuit.  Rather, the full extent of Plaintiff's claimed injuries and damages claimed in this suit either do not exist, were not caused by the subject incident, are not as severe as Plaintiff alleges, and/or may have resulted from Plaintiff's prior, other, subsequent, and/or pre-existing/extraneous health conditions and/or accidents, conditions and injuries that are not related to and/or were not caused by and did not result from the incident made subject of this suit.

46.    While denying liability herein, Defendant asserts that any recovery by Plaintiff for any loss of earnings, loss of future wage-earning capacity and/or loss of contributions of a pecuniary value must be limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to New Mexico and Federal income tax law.

47.    While denying liability herein, Defendant asserts that the Plaintiff is not entitled to recover any exemplary or punitive damages in this cause as no conduct attributable to either of the Defendants herein was committed "recklessly," "with malice" or otherwise constitutes "gross negligence" as those terms are defined under New Mexico law. Defendant asserts that, under the facts and circumstances presented in this cause, the imposition of exemplary damages in this suit against the Defendants' interests would violate their respective rights under the United States Constitution and the State of New Mexico Constitution, including but not limited to, violations of the due process clause and violations of the prohibition against excessive fines and punishment.

48.    Defendant reserves the right to assert additional defenses and affirmative defenses which

may be appropriate, pending the completion of further investigation and discovery in the present

matter.

## JURY DEMAND

49.    Defendant respectfully requests a trial by jury of 12 persons.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant KAR EQUIPMENT, LLC prays

that Plaintiff take nothing by his suit and that this Defendant recover its costs and all other relief

to which it may be justly entitled at law or in equity.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
(915) 532-2000
Fax: (915) 541-1597
almanzan@mgmsg.com

By: _____
**Andrés E. Almanzán**
**New Mexico State Bar No. 152030**
**New Mexico CAID # 19/031**

Attorney for Defendants DARVIN RAY MCAFEE
and KAR EQUIPMENT, LLC

15372-115/AALM/1676738                                    7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 17th day March 2022, a true and correct copy of the foregoing pleading was e-filed and caused to be served upon and delivered to the following:

Manuel H. Hernandez, Esq.
Fadduol, Cluff, Hardy & Conaway, P.C.
2469 E. 11th Street
Odessa, Texas 79761
Telephone: (432) 335-0399
Facsimile: (432) 335-0398

**Delivered via:**
__X__   ECF/E-filing Service
_____   Certified Mail
_____   First Class Mail
_____   Hand Delivery

*Attorney for Plaintiff*

**Andrés E. Almanzán**